UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**MARY ELIZABETH VICCIONE,**

    Plaintiff,

                                          **JURY TRIAL DEMANDED**

vs.

**HOLYLAND TREASURES, INC. d/b/a LUMEN MUNDI INTERNATIONAL a Florida corporation; and GABRIELLE SMITH, an individual,**

    Defendants.

_____/

## COMPLAINT

The Plaintiff, **Mary Elizabeth Viccione** (**"Viccione"**), sues the Defendants, **Holyland Treasures, Inc. d/b/a Lumen Mundi International** (hereinafter **" Lumen Mundi "**) and **Gabrielle Smith** (hereinafter **"Smith"**), and states as follows:

### JURISDICTION AND VENUE

1. This is an action to recover monetary damages in the form of unpaid overtime wages and for damages for retaliatory discharge, and to redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*.

2. This Court has original jurisdiction over the FLSA claims asserted herein pursuant to FLSA, 29 U.S.C. §201 et seq., 29 U.S.C. 216(b) and 28 U.S.C. §1331.

3. Venue is proper for the Southern District of Florida because:

(a) Viccione was employed in the Southern District of Florida by the Lumen Mundi which at all material times conducted and continues to conduct business in Broward County, Florida; and

(b) Additionally, venue lies in Broward County because the acts that gave rise to Plaintiff's claims occurred in Broward County, Florida and because Defendant keeps an office for the transaction of its customary business in Broward County, Florida.

## CONDITIONS PRECEDENT/ADMINISTRATIVE EXHAUSTION

4. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5. Viccione resides within Palm Beach County, Florida.

6. Defendant Smith is an individual who owns and operates the corporate Defendant, who, at all times material, conducted substantial and continuous business in Broward County, Florida, and is subject to the laws of the State of Florida. Defendant Smith has day-today operational control over the corporate Defendant, as she hires and fires employees, makes decisions concerning pay employees receive, including whether or not they receive overtime and she supervises and directs the work of employees including of Viccione during the entire time that she worked there.

7. The corporate Defendant is a Florida corporation, which at all material times, conducted and continues to conduct substantial business in Broward County, Florida, and has its principal place of business there. The corporate Defendant pays employees and paid Viccione and has gross annual sales volume that exceed $500,000 annually, at least for the years 2018 and 2019. The corporate Defendant has two or more employees engaged in commerce, as they have two or

more who handle, work on, and use goods or materials that have been moved in interstate commerce and/or manufactured outside the state of Florida. For example, the corporate Defendant has at least two employees who use computers, computer software, office supplies, copiers which were manufactured outside the State of Florida (and thus have moved in interstate commerce). Further, the corporate Defendant has employees who made long distance phone calls and sent emails to individuals who reside out of the State of Florida regularly and recurrently.

8. Additionally, Viccione is entitled to individual coverage, as she regularly and recurrently made calls and sent emails to customers and vendors some across state lines and internationally and thus she participated in the actual movements of goods or services and commerce across state lines.

9. The corporate Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act, and so too is the individual Defendant. The corporate Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act.

10. The corporate Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act.

11. During all times relevant to this action, the corporate Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

12. Viccione is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

13. Viccione was a non-exempt employee of Defendant who was subject to the payroll practices and procedures described below, and who worked in excess of forty (40) hours during one or more workweeks within two (2) years of the filing of the Complaint.

14. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Viccione performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

15. During her entire employment Plaintiff primarily performed the job duties of a print production/graphic artist which included but were not limited to the following:

a.) Upon starting work on or about March 18, 2019, Plaintiff's first project was to revise and prepare Lumen Mundi's 2019 Inspirational Giftware catalog for printing.

b) The files had been created by the previous owner, Alan Harrell, who was not a graphic artist nor a print professional and thus the files he had created were not "print ready." Plaintiff had to recompose and reformat the text and images of the entire 200 page catalogue. There was no "asset management" and hundreds of images were "missing" or filed improperly if catalogued at all. Alan Harrell was no longer on-site so Plaintiff had to search extensively on multiple LM servers for image and document files that were mostly improperly titled and catalogued. Many images no longer existed, or were incorrect, and had to be reshot by Steve Smith, vice president of sales and marketing.

c) Adding to the disorganization of the project, Defendant Smith had just begun reviewing, proofing, organizing, restructuring, revising and documenting hundreds of item descriptions, prices and SKU's.

  d) Because of Defendant Smith's ineptness at proofing, what should have been a final proof became more than eight additional rounds of reformatting and revisions. Many of the pages were revised over and over, meaning that Plaintiff had to "touch" the same elements numerous times which in turn delayed the progress of the project. Plaintiff's suggestions for better organization of the proofing process were dismissed by Defendant Smith.

  e) Plaintiff told Defendant Smith that the catalogue files were a "horror" and that in her prior 36 years of experience as a print professional this was the very worse and most overwhelming situation she had ever encountered.

  f) Plaintiff continued to perform graphic artist job duties primarily for the remainder of her employment with Defendants.

  16. It is Plaintiff's well-founded belief and opinion that she was incorrectly labeled as a sales and marketing administrator because the customary payment was that position is $40,000 whereas graphic artists are customarily paid double that amount. Thus, Defendants used an incorrect job title for Plaintiff in order to justify paying her one half of the amount customarily paid in the industry to graphic artists with 36 years of experience.

  17. Plaintiff had complained about not being paid overtime to Defendant Smith often during her employment and specifically at a September 11, 2019 review meeting. Plaintiff stated at the meeting that she had kept track of her hours and should have been paid overtime for hours worked over 40 per week. Plaintiff was switched to an hourly basis about two and one half (2 1/2) weeks later, on October 7, 2019. Plaintiff was terminated five (5) weeks later on November 15, 2019.

  18. For the first 30 weeks of her employment, from March 18, 2019 until October 4, 2019, Plaintiff was paid on a salary basis at the rate of $40,000 per year which was $769.23 per

week or $19.23 per hour.  Then, for the next 6 weeks, from October 5, 2019 until November 15, 2019, Plaintiff was paid on an hourly basis at the rate of $19.23 per hour.

19. For the first 3 weeks of her employment, from March 17, 2019 until April 5, 2019, Plaintiff worked approximately 4.5 hours of overtime a week and thus claims *$389.67* in unpaid overtime.

20. For the next 27 weeks of her employment, from April 7, 2019 until October 4, 2019, Plaintiff worked 9 weeks with 30 hours of overtime per week (total: 270 hours of overtime) and 18 weeks with 8 hours of overtime per week (total: 144 hours of overtime). Thus, Plaintiff is owed the following amount for these 27 weeks: 144 hours x $28.86/hour = *$11,948.04* of unpaid overtime.

21. Plaintiff was instructed by vice president Steve Smith that when Plaintiff was asked to sign documents about her work performance that "it doesn't mean you agree, it just means you received it." Thus, Plaintiff was forced to sign documents about her job performance that she disagreed with completely.

22. On the morning of November 15, 2019, at 8:48 am, Plaintiff sent an email to Smith informing her that, as per her doctor's instructions, she would not be in that day and that she would return to work on Monday.

23. Later that same morning, at 10:50 am, Defendant Smith sent an email informing Plaintiff that she was terminated and that "things just aren't working out."

24. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

25. The Defendants failed to keep accurate records of the "hours worked each workday and total hours worked each workweek," as required by law.

26. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

27. The Plaintiff has retained the Law Office of Rose H. Robbins to represent her in this action, and is obligated to pay reasonable attorney's fees, costs, and expenses.

## STATEMENT OF CLAIM

### COUNT I

**VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)
BY PLAINTIFF MARY ELIZABETH VICCIONE AGAINST DEFENDANTS
HOLYLAND TREASURES, INC. D/B/A LUMEN MUNDI INTERNATIONAL AND
GABRIELLE SMITH**

28. The Plaintiff repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. The Plaintiff's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

30. During the Plaintiff's employment, she worked hours in excess of forty (40) per workweek.

31. The Plaintiff was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours worked in a workweek.

32. Defendants' failure to pay the Plaintiff overtime wages for hours worked in excess of forty (40) per workweek violated the FLSA.

33. Due to the unlawful acts of the Defendants, the Plaintiff has suffered damages for unpaid overtime wages.

34. As a result of Defendants' disregard of the FLSA, the Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35. The Plaintiff is entitled to an award of her reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiff Mary Elizabeth Viccione respectfully requests judgment in her favor and against the Defendants Holyland Treasures, Inc. d/b/a Lumen Mundi International and Gabrielle Smith:

    a. Defendants violated the overtime wage requirements of FLSA, 29 U.S. C. §207;

    b. awarding all unpaid overtime wages due or payable equal to the full overtime wage for each hour worked;

    c. awarding an equal amount in liquidated damages;

    d. awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. awarding post-judgment interest; and

    f. awarding all other and further relief this Court deems to be just and proper.

## COUNT II

**VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATORY DISCHARGE) BY PLAINTIFF MARY ELIZABETH VICCIONE AGAINST DEFENDANTS HOLYLAND TREASURES, INC. D/B/A LUMEN MUNDI INTERNATIONAL AND GABRIELLE SMITH**

36. The Plaintiff repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

37. Plaintiff had an excellent work record throughout her employment.

38. Plaintiff had complained to her employer about not being paid overtime for work performed during her employment and specifically at a meeting which took place on or about September 11, 2019.

39. On or about October 7, 2019, Plaintiff was informed that from October 7, 2019 on she was going to be paid on an hourly basis at the same rate of $19.23 per hour and was specifically instructed not to work over 40 hours per week.

40. Six weeks later, on November 15, 2019, Plaintiff was abruptly fired.

41. In an email from Smith dated November 15, 2019, the reason given for Plaintiff's termination was as follows: "...please note that your employment with Lumen Mundi is officially terminated, as of 9:15 am today, as things just aren't working out."

42. There is a direct causal relationship between Plaintiff's having brought up her overtime claims to Defendants at the September 11, 2019 meeting and the "demotion" a few weeks later on October 7, 2019 and the abrupt termination of her services on November 15, 2019 since there are no justifiable reasons for Defendants' adverse employment action. Thus, the reasons given by Defendant Smith in her email served solely as a pretext for the termination of Plaintiff.

43. The motivating factor which caused Plaintiff's discharge as described above was the notice to Defendants of Plaintiff's right to overtime wages. In other words, Plaintiff would not have been discharged but for her complaints to Defendants for overtime wages.

44. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, Plaintiff has been damaged.

45. Despite diligent efforts Plaintiff has been unable to find work after being fired on November 15, 2019 and thus Plaintiff claims lost wages from November 15, 2019 at the rate of $769.23 per week up until the time she is able to find a new job.

46. In addition, Plaintiff has suffered emotional distress and severe anxiety from the humiliation of being fired under these circumstances.

WHEREFORE, Plaintiff Mary Elizabeth Viccione respectfully requests that judgment be entered in her favor against the Defendants Holyland Treasures, Inc. d/b/a Lumen Mundi International and Gabrielle Smith:

a. Declaring that the Defendants violated the retaliation provisions of 29 U.S.C. §215(a)(3);

b. Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 29, 2019

                                               Respectfully submitted,

LAW OFFICE OF ROSE H. ROBBINS
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Phone: (954) 946-8130
Fax: (954) 301-2200
robbinslawoffice@icloud.com
Attorney for Plaintiff

By:   s/Rose H. Robbins, Esq.
       ROSE H. ROBBINS
        FBN:  694568