UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-63165-BLOOM/Valle

MARY ELIZABETH VICCIONE,

    Plaintiff,

v.

HOLYLAND TREASURES INC., et al.,

    Defendants.

_____/

## ORDER DENYING APPROVAL OF SETTLEMENT

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of Settlement of FLSA Claims and Stipulation for Dismissal with Prejudice, ECF No. [42] ("Motion"), filed on June 5, 2020.  The parties seek the Court's approval of a proposed Settlement Agreement and General Release ("Agreement"), ECF No. [42-1], which includes an award of attorney's fees. The Court has reviewed the Motion, the Agreement, the record in this case, the applicable law, and is otherwise fully advised.

    Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).  In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-

35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

The parties have agreed to settle this lawsuit for $8,000.00, comprised of (1) a check to Plaintiff for $1,000.00, less applicable deductions and withholdings; (2) a check to Plaintiff for $3,400.00 without withholdings; and (3) a check payable to Plaintiff's counsel for $3,600.00 "payable by W-9, for legal fees and costs incurred[.]" ECF No. [42-1] at 2.

Regarding the attorney's fees and costs, neither the Motion nor the Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement. The Motion merely represents that the fees were not based on a percentage of the total recovery, and that Defendants agree that $3,600.00 is "reasonable based upon the circumstances herein." ECF No. [42] at 4. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Furthermore, the FLSA requires employers who violate its provisions to pay employees unpaid wages and an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). The Agreement allocates to Plaintiff $4,400.00 split across two separate payments, but it does not describe the basis for the settlement amount or whether it encompasses liquidated damages. For instance, it does not express whether $2,200.00 represents unpaid wages while the other $2,200.00 represents an equal amount in liquidated damages. To comply with the FLSA, then, a proposed settlement must be apportioned equally between unpaid wages and liquidated damages. *See id.* The revised agreement must so state this.

Because the Motion and Agreement fail to (1) adequately explain or describe the amount of Plaintiff's attorney's fees and costs, and (2) apportion Plaintiff's award equally between unpaid wages and liquidated damages, the Court cannot find the Agreement fair and reasonable nor grant the Motion at this time.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [42]**, is **DENIED**. The parties shall submit a revised motion and agreement — with a proposed order and affidavits or exhibits regarding attorney's fees and costs — that conform to the FLSA by **June 12, 2020.**

---

[1] The Court also notes the Agreement contains a confidentiality provision. *See* ECF No. [42-1] at 3. Where the Court must approve a settlement, the agreement becomes a part of the judicial record and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002) (noting that even when a settlement is entered into the court's file under seal it becomes part of the judicial record).

Case No. 19-cv-63165-BLOOM/Valle

**DONE and ORDERED** in Chambers at Miami, Florida, on June 5, 2020.

                                                **BETH BLOOM**
                                                **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record