# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is entered into by and between MARY ELIZABETH VICCIONE, (hereinafter referred to as "Employee"), and HOLYLAND TREASURES, INC. d/b/a LUMEN MUNDI INTERNATIONAL, the directors, officers, shareholders, principals, parent company, subsidiaries, affiliates, employees, agents and assigns, and GABRIELLE SMITH, (collectively referred to as "Company"). In consideration of the mutual covenants, conditions and promises set forth in this Agreement, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the undersigned parties agree as follows:

I.  **Terms**

   A. <u>Settlement Benefits</u>. In consideration for Employee's execution of this Agreement, and her release of claims as set forth below, Company will remit payment to Employee and Employee's Counsel within seven (7) business days of the Court's dismissal of this Action with Prejudice or by June 7, 2020 whichever is later, the payments below totaling $8,000.00:

   (i) One check payable to Mary Elizabeth Viccione in the amount of $1,000.00, less applicable deductions and withholdings for which Company shall issue a W-2; and
   (ii) One check payable to Mary Elizabeth Viccione in the amount of $3,400 without withholdings for which Company shall issue a 1099 for other income.
   (iii) One check payable to Law Office of Rose H. Robbins in the amount of $3,600.00, payable by W-9, for legal fees and costs incurred by the Law Offices of Rose H. Robbins and for which Company shall issue a 1099 for other income.

The two checks payable to Viccione are to be mailed to her via trackable method to: Mary Elizabeth Viccione, 1917 N.E. 2nd Street, #2, Deerfield Beach, FL 33441. The single check payable to Rose H. Robbins is to be mailed to her via trackable method to: 1500 North Ocean Boulevard, #701, Pompano Beach, FL 33062.

   <u>Indemnification</u>: Employee acknowledges and agrees that she shall be solely and exclusively responsible to report to the appropriate governmental agencies and other authorities all monies received under this Agreement and to report and pay all related taxes or impositions. Employee shall indemnify Company and hold it harmless from any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Company by any person relating, directly or indirectly, to the monies received by Employee hereunder, including, without limitation, the Internal Revenue Service. Employee further warrants that there are no liens on any of the funds being paid and they agree to indemnify Company against any claims that any liens exist on the funds.

   B. <u>Acknowledgements</u>. Employee acknowledges that she has read and understands this Agreement, or has had the Agreement translated to her, and she specifically acknowledges the following:

   B.1 That she has been advised by the Company to consult with an attorney, and has had the opportunity to consult with an attorney, before signing this Agreement; and

D.   Release.

   D.1   In exchange for the Settlement Payment and contribution described in Paragraph II.A above, the Employee fully releases and discharges the Company from any and all claims of any nature, whether known or unknown, including those which Employee may have arising out of or in connection with her employment or termination of her employment, through the Effective Date of this Agreement, except this release does not include the release of any Florida Workers Compensation Claims. Any/all available claims under the Florida Workers Compensation Act, F.S. Sec. 440 et al. are specifically excluded from this release.

This release includes, but is not limited to, any and all Claims Employee may have against Company, including, but not limited to those arising from or relating to Employee's employment with and provision of services for Company and the termination of such employment or services. This Release also includes any Claims for employment or for additional compensation or payments, such as past, current, or future wages, salary, bonuses, overtime, incentive payments, sick leave or vacation pay, benefits, social security contributions, settlement pay, attorneys' fees, penalties, interest, costs, and all other legally recoverable categories of damages which Employee ever had, now have, or may have, arising out of or directly or indirectly related to employment with Company, as well as claims for damages or other personal remedies that Employee might have under federal, state, and local law, regulation, ordinance, or administrative or judicial order. Examples of laws which are or may be applicable include but are not limited to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. §§ 2000e *et seq.*); the Civil Rights Acts of 1866 and 1871 (42 U.S.C.A. §§ 1981, 1983, and 1985); the Civil Rights Act of 1991 (P.L. 103-50); the Americans With Disabilities Act of 1990, as amended (42 U.S.C.A. §§ 12201 *et seq.)*; the Fair Credit Reporting Act of 1970, as amended (15 U.S.C.A. §§ 1681 *et seq.*); the Employee Retirement Income Security Act (29 U.S.C.A. §§ 1001 *et seq.*); the Family and Medical Leave Act of 1993 (29 U.S.C.A. §§ 2601 *et seq.*); the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C.A. §§ 621 *et seq.*); the Federal Rehabilitation Act of 1973, as amended (29 U.S.C.A. §§ 793 and 794); the Older Workers Benefit Protection Act, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985; and the Florida, California and United States Constitutions, or any claims for wrongful discharge, discrimination, retaliation, harassment, breach of contract, intentional or negligent infliction of emotional distress, defamation, interference with contract, or any other cause of action based on federal, state, or local law or the common law, whether in tort or in contract. This Release shall not affect any reimbursement rights under any medical insurance or any accrued rights under any retirement savings plan that Employee currently may possess. Employee further agrees that she will not institute any legal or administrative proceeding against the Company parties as to any matter based upon, arising out of, or related to her employment, compensation during her employment, or termination of her employment with the Company. This Release does not affect Employee' right to file an unemployment compensation claim, or any other claim which is not releasable by state or federal law. Employee acknowledges that she has reported all hours worked and has

received pay from Company for all hours worked. This agreement specifically excludes any claims for Florida Workers' Compensation benefits.

D.2 Employee agrees that a condition precedent to the payment of any funds is Employee filing a Motion for Approval of Settlement including a request that the Court retains jurisdiction for fourteen (14) days to enforce the agreement in <u>MARY ELIZABETH VICCIONE v. HOLYLAND TREASURES, INC. d/b/a LUMEN MUNDI INTERNATIONAL and GABRIELLE SMITH</u>, Case No. 19-cv-63165-civ-BLOOM/VALLE; and that the Court grants Employees motion and dismisses the action.

E. <u>Re-employment.</u> Employee agrees that she will not be entitled to employment with Company or its affiliated companies at any time in the future. Company may agree, at its discretion, to waive this provision in the future.

F. <u>Non-Admission of Liability.</u> Employee agrees that the fact that the Company entered into this Agreement is not an admission of any liability or wrongdoing on the part of the Company. Company completely denies any liability or wrongdoing.

G. <u>Entire Agreement; Modification.</u> The parties agree that this is the entire agreement between the parties. This Agreement overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter of this Agreement. Employee shall not rely on any statements made that are not included in this Agreement. No modification of this Agreement will be valid unless it is in writing identified as an Amendment to the Agreement and is signed by Employee and an authorized executive of Company. Neither party may rely on any representations made other than those contained herein.

H. <u>Communications to Third Parties.</u> Employee will not speak in a derogatory manner concerning the Company to any person who is not a party to this Agreement. Company cannot control all of its employees, but will agree to provide a neutral employment reference, wherein, Company will provide to any employer or prospective employer only Employee's dates of employment, position held and rate of pay. Company's owners and management will not speak in a derogatory manner concerning Employee to any person who is not a party to this Agreement.

I. <u>Confidentiality.</u> Employee agrees not to disparage the Company or any of the Released Parties in any way, publicly or privately. Employee further agrees to keep the terms of this Agreement confidential. Without the prior written authorization of Company, Employee shall not disclose the terms of this Agreement to anyone unless required by law. This Agreement shall not prohibit Employee from making required confidential disclosures to Employee's attorney, accountant or to any governmental taxing authority or other governmental or regulatory authority to the extent required, or discussing the matter with Employee's immediate family, but the Employee will notify any such persons to whom a permissible disclosure is made that the Agreement is strictly confidential and not to be disclosed unless required by law. Employee and Company agree that Employee is responsible for ensuring that any person to whom Employee makes a permissible disclosure maintain confidentiality. Employee shall be permitted to tell others, if asked about the resolution of this case, "The matter was resolved" and no additional information. Employee acknowledges and agrees that the maintenance of the non-disparagement clause and confidentiality of the terms of this settlement is a material inducement to Company in

entering into this Agreement. Employee shall not be responsible or liable for the disclosures by the Company of any of the terms of this Agreement.

J. **Unemployment.** Company agrees that it will not contest Employee's unemployment compensation claim. Employee acknowledges that Company does not determine eligibility for the granting of unemployment compensation.

K. **Governing Law and Venue.** This Agreement is governed by and construed in accordance with the laws of the United States and the State of Florida. Any claim to enforce this Agreement shall be brought in Broward County, Florida. Any dispute arising from this Agreement SHALL BE HEARD BY A JUDGE, NOT A JURY.

L. **Severability.** Each provision of this agreement is intended to be severable. If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, the rest of the Agreement will remain in force.

M. **Return of Items.** Employer shall return Employee's reading glasses; cashmere sweater; personal speaker; ceramic mug with lid; ceramic mug with multicolored markers; and electric sharpner *to be mailed by trackable means to address stated in Paragraph 1.A. above.*

EMPLOYEE ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, KNOWS AND UNDERSTANDS ITS CONTENTS, AND VOLUNTARILY SIGNS IT OF HER OWN FREE WILL.

IN WITNESS WHEREOF, the parties sign this Agreement on the dates indicated below with the intent to be bound by its terms and conditions.

**AS TO EMPLOYEE:**

By: _____
Mary Elizabeth Viccione
Date: June 4, 2020

**AS TO COMPANY:**
LUMEN MUNDI

By: _____
Its: President + CEO
Date: 6/4/2020

**AS TO GABRIELLE SMITH:**

By: _____
GABRIELLE SMITH
Date: 6/4/2020